ing been so brought into the case, the people were concluded by his testimony, and could not contradict. This rule of law is well settled. Greenl. Ev. § 449. The defendant, being put upon the stand, was subject to substantially the same rules of examination as any other witness, and it was no more competent to contradict him by proof of collateral matters than it would have been to have contradicted anybody else. Marx v. People, 63 Barb. 618; Casey v. People, 72 N. Y. 395; People v. Tice, 131 N. Y. 651, 30 N. E. 494. It is claimed by the district attorney that, although this testimony was incompetent, and improperly admitted, it did no harm; but whenever, in a criminal case, incompetent and improper evidence has been admitted, the presumption is that it was prejudicial to the party objecting to it. People v. Fernandez, 35 N. Y. 49. Especially is that the fact in regard to this testimony. The defendant was upon trial for false swearing. The question presented was whether testimony which he had given before was false, and whether he knew it to be false when he gave it. He had given testimony as to his good character, which he relied upon to some extent to secure an acquittal. In that state of affairs, if the people were permitted to establish generally that he testified to what was false in the trial of the particular indictment, even upon a collateral matter, such testimony could not help but prejudice the jury against him.

There are several other exceptions which present serious questions, but it is not necessary to go into any further examination of the record. The two exceptions already discussed are sufficiently fatal to require a reversal of this judgment, and it is not necessary to examine whether any of the other objections are well taken.

The judgment is reversed, and a new trial ordered. All concur.

---

## CROWLEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

STREET RAILROADS — INJURY TO PERSON NEAR TRACK — CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate had been employed by one M. for some months as driver of a wagon. The wagon was peculiarly constructed, so that by backing it against the curb in front of M.'s premises, and turning the front wheels under it, so as to stand at right angles with the body of the wagon, it did not interfere with the passage of the defendant's surface cars, there being a space between the hubs and the nearest rail of the car track of some 10 inches. Plaintiff's intestate was familiar with these facts. While in the wagon, thus placed, and when a car about 50 feet distant was rapidly approaching, he attempted to descend on the side towards the track, and with his face towards the wagon. M., who had directed him to come down, saw the car, and heard its bells. While in the act of getting off the hub, plaintiff's intestate was struck by the car. *Held*, that the facts established contributory negligence, as matter of law.

Williams, J., dissenting.

Appeal from trial term.

Action by John Crowley, as administrator, against the Metropolitan Street-Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

J. J. Delany, for appellant.
C. F. Burns, for respondent.

PATTERSON, J. On the trial of this action, which was brought to recover damages for injuries resulting in the death of the plaintiff's intestate, the court dismissed the complaint at the close of the plaintiff's proofs. The particular ground upon which the dismissal was directed was that the evidence showed that the plaintiff's intestate was guilty of contributory negligence, and that it affirmatively appeared that the occurrence which resulted in his death was the consequence of his own proven imprudence in part, if not altogether. This view of the trial justice is sustained by the evidence, by which contributory negligence, as matter of law, is made to appear. The plaintiff's intestate was the driver of a wagon owned by one Morgan, who was engaged in business carried on, on premises No. 217 Centre street, near Grand street, in the city of New York, such premises being on the westerly side of Centre street. On the morning of August 31, 1896, the plaintiff's intestate was engaged in loading a wagon belonging to Morgan, which wagon was constructed in a particular manner, to suit the conditions of Centre street, in front of the premises mentioned, and especially with reference to the railroad track of the defendant. The wagons "were so made that the cars could pass up and down when they were backed into the curb." The plaintiff's intestate had been in the employ of Morgan for some months, and was in the habit of loading his wagons. The wagon was so constructed that, upon its being backed up to the curbstone of the sidewalk, the front wheels could be turned under the body of the wagon, so that they would stand at right angles with the rear wheels, and parallel with the rail of the defendant's road. On this morning, Morgan's wagon, upon which the plaintiff's intestate was engaged at work, was thus standing in the street, the front wheels being turned under the truck, the horse attached to it standing at right angles with the body of the truck, and facing north. As the wheels were thus turned under, the hub of one of them was pointed to the east, and there was a space between that hub and the westerly rail of the defendant's track of some 10 inches, more or less. There was room for the cars of the defendant to pass by the track without colliding with it. On the morning in question, about 9 o'clock, one of the defendant's cars, coming from Grand street, with the track unobstructed in front of it, was at a distance of some 50 feet from the wagon when Morgan directed the plaintiff's intestate to come down from it. He started to get down, having his back to the railroad track, and his face to the wagon. Morgan at that time heard the bells of the car. He swears that the car at that time was 50 feet away, moving at a rather fast gait. When Morgan heard the jingle of the bells, Crowley was on the wheel of the wagon, and, when the car struck him, he was on the wheel. He was getting off the hub of the wheel, and he was still there when he was struck by the car. Here, then, was the case of a man who

had been in the employ of Morgan for months, who knew all about the situation of Morgan's wagons with reference to the railroad track, who must have known of the frequency with which cars passed, of the limited space between the hubs of the wheels, when they were standing in front of Morgan's premises, and the railroad track, who places himself in a position of peril when a car is only 50 feet away from him coming at a fast gait, who remains in that position until the car can traverse the distance of 50 feet, and who thus exposes himself knowingly to the peril of the very accident which happens him. It cannot be disputed that the plaintiff's intestate knew all about the situation of the wagon, and of the running of horse cars in front of them. He backed up wagons against the sidewalk in front of Morgan's premises every day, and he was therefore perfectly aware of the surroundings. There is nothing to show that he exercised the slightest care or prudence of any kind, but when he was called, regardless of anything, stepped down upon the hub of the wheel, and remained there until a car, which was 50 feet distant when he took his position on the hub of the wheel, reached and struck him.

Unless the question of contributory negligence has ceased ever to be a question of law, it was one in this case. There was nothing to be left to the jury upon that topic. The whole proof and all the inferences from it established that the failure of the plaintiff's intestate to look about him, and his act in undertaking to descend in this perilous way, without looking, was the cause of the disaster that overtook him. The question here is not as to what constitutes negligence in passing in front of a car, or in attempting to cross a street when a car is at any given distance away; but it is simply whether a person acquainted with a particular situation, and knowing what is likely to occur at that point at any time, who places himself in a position of peril, remains there without observing the conditions likely to exist, and is injured in consequence of his own act, is or is not, as matter of law, guilty of contributory negligence. While the learned judge, in assigning his reasons for dismissing the complaint on this ground, may have expressed the rule more strongly than was necessary, the conclusion he reached, we think, was right.

The judgment appealed from should be affirmed, with costs. All concur, except WILLIAMS, J., dissenting.